L5_complaint.Doc

Carl E. Person
Attorney for Plaintiff
325 W. 45th Street – Suite 201
New York NY 10036-3803
Telephone: (212) 307-4444
Facsimile: (212) 307-0247
carlpers@ix.netcom.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**K. B. & R. TRADING CORP.,**

**Plaintiff,**

**v.**

**JUNIPER TREE INC.; and SUH YOUNG, individually and in any corporate or partnership capacity,**

**Defendants.**

---

**ECF CASE**

**Index No.**

**COMPLAINT**

Plaintiff, K. B. & R. TRADING CORP. ("KBR" or the Plaintiff") brings this action against Defendants, JUNIPER TREE INC. (the "Company") and SUH YOUNG, individually and in any corporate or partnership capacity (the "Principal"), for damages and other relief, and alleges as follows:

**I. Jurisdiction**

1. Subject-matter jurisdiction is vested in this Court pursuant to the Perishable Agricultural Commodities Act ("PACA"), specifically 7 U.S.C. § 499(c)(b)(2) and 7 U.S.C. § 499c(c)(5)(i), and pursuant to 28 U.S.C. §1331.

2. Personal jurisdiction of this Court over the Defendants exists in that each of the Defendants regularly conducts or transacts business within the Southern District of New York, and that the alleged activities of the Defendants occurred within this District.

3. The Court has supplemental jurisdiction over the Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a).

**II. Venue**

4. Venue in this District is based on 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this District; also, until December 12, 2007, the Company and the Principal had their principal places of business in this District. The Plaintiff has its principal place of business in this District.

**III. Parties**

5. Plaintiff, **K. B. & R. TRADING CORP.** ("KBR" or the "Plaintiff"), a New Jersey domestic profit corporation, has offices at 33 Newman Springs Road, Suite B, Shrewsbury, New Jersey 07702, and operates its business under a valid

USDA-issued PACA license, number 19155060 (Exhibit A), in good and active standing. http://apps.ams.usda.gov/pacasearch/

6. Plaintiff sells wholesale quantities of perishable agricultural commodities (“Produce”) in interstate commerce.

7. Defendant, **JUNIPER TREE INC.** (the “Company”), a sole proprietorship, partnership or corporation, is a purchaser of Produce in wholesale quantities and, therefore, a “dealer” pursuant to § 499a(b)(6) of PACA and operates its business under USDA-issued PACA license, number 20030200. See Exhibit B**.**

8. The Company since before December 8, 2007, has had its principal place of business at 1240 Oak Point Avenue, Bronx, New York 10474.

9. Defendant, **SUH YOUNG**, a/k/a “Young”, individually (the “Principal”), is or was an officer, director and/or shareholder of the Company during the relevant time period. The Principal is or was a person in control of, and responsible for, the disposition of the Company’s assets, including its PACA trust assets.

10. The Principal, has had his principal place of business at 1240 Oak Point Avenue, Bronx, New York 10474.

11. The Company and the Principal are collectively referred to herein as the “Defendants”.

## IV. Claims for Relief

### COUNT I

**Failure to Maintain PACA Trust**
**7 U.S.C. §§ 499e(c)(2), 499e(c)(4)**

**(Against the Company)**

12. Plaintiff incorporates each and every allegation set forth in ¶¶ 1-11 as if fully rewritten herein.

13. At the Company's request, Plaintiff sold, on credit, to the Company perishable agricultural commodities, as set forth in the following table:

| Plaintiff | Dates of Transactions | Commodities | Total Amount Sold | Amount Unpaid [1] |
|---|---|---|---|---|
| K B & R TRADING CORP. | 12/08/07-12/17/07 | fruits & vegetables | $14,592.00 | $14,592.00 |

---

Plus accrued interest at 1.25% per month (equal to 15% per year) and attorney's fees and costs. See Exhibit F (the last exhibit page) and Exhibits C, D and E.

14. Plaintiff duly delivered the perishable agricultural commodities to the Company.

15. The Company received and accepted the perishable agricultural commodities from the Plaintiff.

16. The Produce identified above was sold pursuant to the invoices attached hereto as Exhibits C, D and E. The invoices were prepared and sent based on delivery tickets accompanying the deliveries, upon which the Company signed its

receipt for the deliveries, as follows:

    i.  Exhibit C is invoice SG-7155 with statement with PACA Prompt payment terms dated 12/12/07 in the amount due of $4,760.00  for Produce shipped 12/12/2007 via D.A.T. Trucking Inc. out of Arizona Load Number D-5825-A delivered as shown on delivery Invoice separately numbered dated from 12/12/07 and accepted by Defendants' agent signature on 12/17/07, as displayed Exhibit C-1;

    ii.  Exhibit D is invoice SG-7129 with statement with PACA Prompt payment terms dated 12/08/07 in the amount due of $5,712.00  for Produce shipped 12/08/2007 via Tomatoes of Ruskin, Inc. out of Florida Load Number 1425 delivered as shown on delivery Invoice separately numbered dated from 12/08/07 and accepted by Defendants' agent signature on 12/10/07, as displayed Exhibit D-1;

    iii.  Exhibit E is invoice SG-7126 with statement with PACA Prompt payment terms dated 12/09/07 in the amount due of $4,120.00  for Produce shipped 12/09/2007 via Pacific Tomato Growers on consignment with Order Number 149072 delivered as shown on delivery Invoice  separately numbered dated from 12/09/07 and accepted by Defendants' agent signature on 12/11/07, as displayed Exhibit E-1;

17. The Company received from the Plaintiff each of the invoices included in Exhibits C, D and E.

18. The Company failed to pay for this Produce despite repeated written demands from the Plaintiff.

19. Pursuant to the payment terms between the Company and the Plaintiff, the Company is in default with respect to the principal amount of $14,592.00 outstanding to the Plaintiff.

20. Pursuant to the trust provisions of PACA, 7 U.S.C. § 499e(c)(2), and the Code of Federal Regulations promulgated thereunder, upon receipt of said commodities, a statutory trust arose in favor of the Plaintiff as to all commodities received by the Company, all inventories of food or other products derived from said commodities, and the proceeds from the sale of such commodities until <u>full</u> payment is made for said commodities by the Company to the Plaintiff.

21. The Company has failed and refused to pay for the commodities it received and accepted from the Plaintiff, despite due demand.

22. On each of the outstanding invoices sent by the Plaintiff to the Company, the Plaintiff, as a PACA licensee, placed the exact language statutorily prescribed by PACA to be placed on all invoices by a licensee to notify the buyer that a seller/supplier of perishable agricultural commodities is preserving its rights as a beneficiary to the statutory trust. [7 U.S.C. § 499c(c)(4)], plus interest and

attorney's fees. (See, copies of unpaid invoices with respective proofs of delivery attached hereto as Exhibits C, D and E.)

23. The Plaintiffs is an unpaid creditor, supplier and seller of perishable agricultural commodities as those terms are defined under the PACA.

24. Upon information and belief, the Company has dissipated and is continuing to dissipate the corpus of the statutory trust which arose in favor of the Plaintiff and grew upon each delivery to the Company of perishable agricultural commodities.

25. The failure of the Company to hold in trust for the benefit of the Plaintiff such perishable agricultural commodities received by it from the Plaintiff, and all inventories of food or other products derived from said commodities, and the proceeds from the sale of such commodities until full payment of the sums owing to the Plaintiff for said commodities, constitute violations of PACA and PACA Regulations and are unlawful, and, as a direct result the Plaintiff has suffered damages.

**COUNT II**

**Dissipation of Trust Assets**
**7 U.S.C. §§ 499(b), 499e(c), 499e(c)(4)**

**(Against Both Defendants)**

26. The Plaintiff incorporates each and every allegation set forth in ¶¶ 1-25 as if fully rewritten herein.

27.   Upon information and belief, proceeds obtained from the resale of the perishable agricultural commodities purchased on credit from the Plaintiff by the Company, that were needed to make full payment promptly to trust beneficiaries as required by 7 U.S.C. § 499b, were improperly expended by the Company and the Principal for other purposes.

28.   On each of the outstanding invoices sent by the Plaintiff to the Company, the Plaintiff, as a PACA licensee, placed the exact language statutorily prescribed by PACA to be placed on all invoices by a licensee to notify the buyer that a seller/supplier of perishable agricultural commodities is preserving its rights as a beneficiary to the statutory trust.  [7 U.S.C. § 499e(c)(4)], plus interest and attorney's fees.  (See Exhibits C, D and E attached hereto.)

29.   Upon information and belief, Defendants received funds subject to the trust arising under 7 U.S.C. § 499e(c), which should have been used to pay the Plaintiff's outstanding invoices, but were not.

30.   As a direct result of the dissipation of trust assets by the Company and the Principal, the Plaintiff has suffered damages.

**COUNT III**

**Failure to Pay Trust Funds**
**7 U.S.C. §§ 499(b)**

**(Against the Company)**

31. The Plaintiff incorporates each and every allegation set forth in ¶¶ 1-30 as if fully rewritten herein.

32. The Company has failed and refuses to pay the Plaintiff $14,592.00 from the PACA trust, which sum is unpaid and overdue to the Plaintiff for the perishable agricultural commodities received and accepted by the Company from Plaintiff.

33. The failure of the Company to make said payments to the Plaintiff from the statutory trust fund is a violation of PACA 7 U.S.C. § 499b and PACA Regulations and is in breach of the Company's fiduciary duty as trustee, and, as a direct result, the Plaintiff has suffered damages.

**COUNT IV**

**Breach of Fiduciary Duty / Non-Dischargeability**
**7 U.S.C. §§ 499b(4), 11 U.S.C. 523(a)**

**(Against Both Defendants)**

34. The Plaintiff incorporates each and every allegation set forth in ¶¶ 1-33 as if fully rewritten herein.

35.   Upon information and belief, from December 8, 2007 to December 17, 2007 and at all relevant times thereafter, the Principal managed, controlled and directed the credit purchase of perishable agricultural commodities from the Plaintiff on behalf of the Company.

36.   Upon information and belief, Defendants received, in the regular course of business, funds subject to the PACA statutory trust which were not used for the payment of the outstanding invoices for the Plaintiff.

37.   Upon information and belief, Defendants, in breach of their fiduciary obligations arising under PACA, directed the disbursement of trust funds for purposes other than making full and prompt payment to the Plaintiff as required by PACA, 7 U.S.C. § 499b(4), thereby heightening liability herein to a state of non-dischargeability pursuant to 11 U.S.C. § 523(a).

38.   As a direct result of the foregoing, the Company and the Principal have violated their fiduciary duties as trustees in failing and refusing to make the payments required to satisfy the priority trust interests of the Plaintiff, and, as a direct result, the Plaintiff has suffered damages.

**COUNT V**

**Breach of Contract / Action on Account**

**(Against the Company)**

39. The Plaintiff incorporates each and every allegation set forth in ¶¶ 1-38 as if fully rewritten herein.

40. From December 8, 2007 to December 17, 2007, the Company contracted with the Plaintiff to purchase fresh fruits and vegetables on credit. (See Exhibits C, D and E.)

41. Pursuant to the payment terms between the Plaintiff and the Company, the Company is in default as to the Plaintiff on the amounts unpaid and outstanding.

42. The Company breached the contract by failing and refusing to pay the Plaintiff $14,592.00. As a direct result, the Plaintiff has suffered damages.

**COUNT VI**

**Interest and Attorney's Fees**

**(Against Both Defendants)**

43. The Plaintiff incorporates each and every allegation set forth in ¶¶ 1-42 as if fully rewritten herein.

44. Pursuant to PACA, 7 U.S.C. § 499e(c), and the Regulations promulgated thereunder, Defendants were statutorily required to maintain a trust in

favor of the Plaintiff in order to make full payment to the Plaintiff of said amount, $14,592.00.

45.    As a result of the failure of Defendants to maintain the trust and to make full payment promptly, the Plaintiff has been required to pay attorney's fees and costs in order to bring this action to compel payment of the trust res.

46.    As a result of the failure of Defendants to comply with their statutorily mandated duties to maintain the trust and make full payment promptly, the Plaintiff has lost the use of said money.

47.    The Plaintiff will not receive full payment as required by PACA, 7 U.S.C. § 499e(c), if the Plaintiff must expend part of said payment on attorney's fees, and litigation costs, and also suffer the loss of interest on the outstanding amounts owed, all because of violations by Defendants of their statutory duties to maintain the trust and make full payment promptly.

48.    In addition to the above recitals, the Plaintiff maintains express claims for interest and attorney's fees based upon the terms listed on each invoice, as between merchants, which were all bargained terms of the contract and are sums owing in connection with the produce transaction.  Interest to and including May 1, 2008 totals $800.17 and is accruing daily at $6.326.  (See the PACA trust chart attached hereto as Exhibit F.)

**COUNT VII**

**Creation of Common Fund**

**(Against All Defendants)**

49.   The Plaintiff incorporates each and every allegation set forth in ¶¶ 1-48 as if fully rewritten herein.

50.   The Plaintiff is commencing this lawsuit on behalf of itself and other similarly situated PACA trust creditors, and any and all monies recovered from Defendants and other third parties will be distributed on a pro-rata basis among the Plaintiff and all perfected PACA trust creditors joined to this lawsuit.

**COUNT VIII**

**Fraudulent Transfers**

**(Against the Principal)**

51.   The Plaintiff incorporates each and every allegation set forth in ¶¶ 1-50 as if fully rewritten herein.

52.   Upon information and belief, the Company transferred its assets to the Principal and to other unknown third parties.

53.   These transfers were made after the claims of Plaintiff and other PACA trust beneficiaries arose.

54. These transfers were made to or for the benefit of insiders of the Company on antecedent debts and were made without consideration or adequate consideration.

55. The Company was insolvent at the time of these transfers.

56. At the time of these transfers, the recipients had reasonable cause to believe that the Company was insolvent.

57. These transfers were fraudulent transfers as proscribed by New York's Uniform Fraudulent Transfers Act, New York's Debtor and Creditor Law, N.Y. CLS Dr & Cr § 1, *et seq.* (2007).

58. Accordingly, Plaintiff seeks entry of an Order, as provided by N.Y. CLS D. & Cr § 273, avoiding the transfers, ordering the recipients to disgorge and transfer any and all such amounts to Plaintiff to the extent of $14,592.00, plus interest from the date each invoice became past due, costs, attorneys' fees, and awarding punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets.

**PRAYER**

**WHEREFORE**, the Plaintiff prays that this Court issue an Order:

1. Granting judgment in favor of the Plaintiff and against each of the Defendants, jointly and severally, in the principal amount of $14,592.00, together

with pre-judgment interest (in accordance with Exhibit F) and post-judgment interest and the costs of this action;

2.     Declaring and directing the Defendants to establish and/or preserve a trust fund consisting of funds sufficient to pay the Plaintiff's principal trust claim of $14,592.00, plus pre-judgment interest (in accordance with Exhibit F);

3.     Preliminarily enjoining, until the entry of the relief herein requested and compliance therewith, Defendants and their agents, employees and representatives from, in any way, directly or indirectly, transferring, assigning or otherwise disposing of the above-described trust fund, or any interest therein, in whole or in part, absolutely or as security;

4.     Declaring and directing Defendants to disgorge, assign, transfer, deliver and turn over to the Plaintiff as much of the above-described trust fund as is necessary to fully compensate the Plaintiff for the damages it has suffered and continues to suffer;

5.     As to Count VIII, pursuant to N.Y. CLS Dr & Cr § 273, avoiding the transfers and ordering the recipients to disgorge and transfer any and all such amounts to Plaintiff in the amount of $14,592.00, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets;

6. Granting the Plaintiff reasonable costs and expenses, including attorney's fees in this action; and

7. Such other and further relief, whether in law or in equity, as this Court deems just and proper.

**Dated: New York, New York**
**May 8, 2008**

**Respectfully submitted,**

**Carl E. Person (CP 7637)**
**Attorney for the Plaintiff,**
**K. B. & R. TRADING CORP.**
**325 W. 45th Street - Suite 201**
**New York, New York 10036-3803**
**(212) 307-4444**

## Fruit and Vegetable Programs

# Search PACA

*Search Again* *Go Back to the previous page*

| License No. | Date Issued | Anniversary Date | Status |
|---|---|---|---|
| 19980234 | 11/13/1997 | 11/13/2008 | Active |

| Business Name | City | State |
|---|---|---|
| K B & R TRADING CORP | TINTON FALLS | NJ |

---

**Reported Principal (Last Name, First Name)**

GOODMAN, DANIEL

**Trade Names** **None**

---

**Branch Name , Branch City , Branch State**

K B & R TRADING CORP, FORT MYERS, FL

Return to: Perishable Agricultural Commodities Act (PACA)

http://apps.ams.usda.gov/pacasearch/SearchDetails.aspx?License_ID=0234&License_FY=1998

**Exhibit A**

## Fruit and Vegetable Programs

# Search PACA

Search Again Go Back to the previous page

| License No. | Date Issued | Anniversary Date | Status |
|---|---|---|---|
| 20030200 | 11/13/2002 | 11/13/2009 | Active |

| Business Name | City | State |
|---|---|---|
| JUNIPER TREE INC | BRONX | NY |

---

**Reported Principal (Last Name, First Name)**

SUH, YOUNG

**Trade Names**

BEST PRODUCE

---

**Branch Name , Branch City , Branch State**

Return to: Perishable Agricultural Commodities Act (PACA)

http://apps.ams.usda.gov/pacasearch/SearchDetails.aspx?License_ID=0200&License_FY=2003

Exhibit B

# [illegible]KB & R TRADING CORP.

P.O.Box 7460
Shrewsbury, New Jersey 07702
Phone: 732-842-7040

# INVOICE

| INV DATE | INV NUMBER |
|---|---|
| 12/12/2007 | SG-7155 |

Please refer to invoice number on all correspondence.

**SOLD TO**

JUNIPER TREE INC.
DBA BEST PRODUCE
1240 OAK POINT AVE.
BRONX, NY 10474

***PLEASE NOTE NEW ADDRESS***

| CUSTOMER P.O. NO. | PAYMENT TERMS | REP | SHIP DATE | SHIP VIA | FREIGHT TERMS |
|---|---|---|---|---|---|
| | PACA PROMPT | SG | 12/12/2007 | PT697778C | DELIVERED |

| QUANTITY | ITEM CODE | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|
| 160 | 30003 | ROMA TOMATOES CARTONS<br>LOS PINOS BRAND | 29.75 | 4,760.00 |

[illegible] The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust [illegible] by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7U.S.C. 499e(c)). The seller of [illegible] retains a trust claim over these commodities, all inventories of food or other products derived [illegible] commodities, and any receivables or proceeds from the sale of these commodities until full payment

[illegible] due invoices shall accrue interest at 18% per year. If overdue accounts are referred to an [illegible] to pay our reasonable attorney's fees plus the costs of all legal action as an additional charge [illegible] sale covered by this invoice.

[illegible]IONS OR CREDITS ALLOWED UNLESS REINVOICED.

**Total** $4,760.00

Original Invoice- White File Copy-Yellow Jacket Copy-[illegible]

Exhibit C



# INVOICE

**D.A.T. TRUCKING INC..**
RIO RICO, ARIZONA 85648
P# 800-265-5996 24 HRS
FAX 800-711-8103 FAX
CAROLINA FARMERS MARKETING ASSOCIATION

LOAD #
D-5825-A
DATE LOADED
12-12-2007

| PREPAID XXXX NET 7DAYS | | C.T.I TO BE INVOICED |
|---|---|---|

INVOICE TO:

**2ND DROP**

*DRIVER'S*
*YOU MUST CALL DAILY*
*BY 9:00 A.M. (EST)*
*888 -656-2643*
*IF DELAYED YOU MUST CALL*
*THIS OFFICE IMMEDIATELY*
*800-265-5996*
*MAINTAIN TEMP*
*AS PER SHIPPERS INSTRUCTIONS*
*DEGREES ( 54 ) IN TRANSIT*

DELIVER TO:

*Juniper Tree, Inc.*
*1240 Oakpoint Ave.*
*BRONX, NY (10474-6804)*
*Phone 718 542-9000*

SHIPPED FROM
*K.B.R. TRADING*
*SAN DIEGO, CA*
*PO SG 7155*

SHIPPER & LABEL
LOS PINOS PRODUCE, SAN DIEGO, CA

FREIGHT CHARGES

Juniper tree 12/17/07

RECEIVED FOR ACCURATE COUNT & SIZES
U.S.D.A. INSPECTORS REPORT TAKEN AT TIME OF DELIVERY
BY
TIME

D.A.T. TRUCKING INC. TRUCK #
DRIVER NAME_: TROY MOODY CELL 803-361-0135
TRAILER LCY #_:

REMIT TO: MARQUETTE TRANSPORTATION FINANCE, INC.
N.W. 7939 PO BOX 1450
MINNEAPOLIS, MN 55485-7939
F.I.# 57-1005707
INVOICE # (D-5825-B)

TERMS: PREPAID
CHARGES DUE:

Exhibit C -1

FEB 12 2008 13:56 P.04

# [illegible] TRADING CORP.

P.O. Box 7460
[illegible], New Jersey 07702
Phone: 732-842-7040

# INVOICE

| INV DATE | INV NUMBER |
|---|---|
| 12/8/2007 | SG-7129 |

Please refer to invoice number on all correspondence

***PLEASE NOTE NEW ADDRESS***

SOLD TO

[illegible]

| CUSTOMER P.O. NO. | PAYMENT TERMS | REP | SHIP DATE | SHIP VIA | FREIGHT TERMS |
|---|---|---|---|---|---|
| [illegible] | PACA PROMPT | SG | 12/8/2007 | | DELIVERED |

| QUANTITY | ITEM CODE | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|
| [illegible] | [illegible]0056 | 5X6 SIZE GASSED GREEN TOMATOES CARTONS RUSKIN ROYAL BRAND | 23.80 | 5,712.00 |

[illegible] commodities listed on this invoice are sold subject to the statutory trust [illegible] Agricultural Commodities Act, 1930 (7U.S.C. 499e(c)). The seller of [illegible] these commodities, all inventories of food or other products derived [illegible] or proceeds from the sale of these commodities until full payment [illegible]

[illegible] interest at 18% per year. If overdue accounts are referred to an [illegible] attorney's fees plus the costs of all legal action as an additional charge [illegible] invoice.

[illegible] UNLESS REINVOICED.

**Total** $5,712.00

*Original Invoice- White File Copy-Yellow Jacket Copy-Pink*

Exhibit D

TOMATOES OF RUSKIN, INC. FALL
PO BOX 306
RUSKIN, FL 33575
TEL# 8136456431

SHIP TO:
KB&R TRADING CORP
PO BOX 7460
SHREWBURY, NJ 07601-7460

BROKER:

DATE IN..........: 12/08/07
SHIP DATE.........: 12/08/07
TIME OUT..........: 17:08
ORDER NO..........: 1425
ASSIGNMENT NO....: 1425
SHIPMENT NO.......: 1425 SALE: FOB
BUYERS P.O.: 7129

****************************************************************************************

CARRIER NAME.............:
CARRIER TELEPHONE #.......:
TRK LICENSE # & STATE....:
RAIL ROUTE................:
RAIL CAR/PIGGYBACK TRL #.:
Misc Ref 1................:
Misc Ref 2................:

SEAL NO..................:
TEMPERATURE RECORDER NO:
FEDERAL INSPECT. NO......:
PHYTO NO.................:
TEMPERATURE SETTING......: 56
Misc Ref 3...............:

CHART NO..................:

INSPECTION NO..........:

MANIFEST DESCRIPTION

| QUANTITY | PACK | SIZE | LABEL | DST | GRADE | VARIETY | GROSS WT |
|---|---|---|---|---|---|---|---|
| 1200 | 25 | 5X6 | RUSKIN ROYAL | TOMAT . | | TOMATOES | |
| 1200 | | | | MISC | | HAND/ENVIRO | |
| 1200 | TOTAL | | | | | | |

* SPECIAL INSTRUCTIONS:
CONFIRMATION OF SALES

Jun [illegible] [illegible]
240 cases
12/10/07
[signature]

THIS BILL OF LADING REFLECTS THE SHIPMENT MANIFEST AS ITEMIZED ABOVE AND HAS BEEN RECEIVED IN GOOD ORDER BY THE UNDERSIGNED CARRIER.

| OMATOES OF RUSKIN, INC. FALL ASSN - AGENT) | DATE | SIGNATURE (TRUCK DRIVER) | DATE | TIME IN |
|---|---|---|---|---|

Exhibit D-1

[illegible] TRADING CORP.

# INVOICE

| INV DATE | INV NUMBER |
|---|---|
| 12/9/2007 | SG-7126 |

Please refer to invoice number on all correspondence.

SOLD TO

[illegible]

***PLEASE NOTE NEW ADDRESS***

| CUSTOMER P.O. NO | PAYMENT TERMS | REP | SHIP DATE | SHIP VIA | FREIGHT TERMS |
|---|---|---|---|---|---|
| [illegible] | PACA PROMPT | SG | 12/9/2007 | 88C932 FL | DELIVERED |

| QUANTITY | ITEM CODE | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|
| [illegible] | [illegible] | ROMA TOMATOES CARTONS SUNRIPE BRAND | 25.75 | 4,120.00 |

[illegible] listed on this invoice are sold subject to the statutory trust [illegible] Agricultural Commodities Act, 1930 (7U.S.C. 499e(c)). The seller of [illegible] commodities, all inventories of food or other products derived [illegible] proceeds from the sale of these commodities until full payment [illegible]

[illegible] per year. If overdue accounts are referred to an [illegible] the costs of all legal action as an additional charge

[illegible] INVOICED

| Total | $4,120.00 |
|---|---|

*Original Invoice- White File Copy-Yellow Jacket Copy-Pink*

Exhibit E

STRAIGHT BILL OF LADING FOR EXEMPT COMMODITIES ORIGINAL NON-NEGOTIABLE

RECEIVED from the above named shipper, the perishable property described below in apparent good order and condition (except as noted below) (contents and condition of contents of packages unknown), marked, consigned and destined as indicated below, pursuant to an agreement, arranged by truck broker, if any, whereby the carrier shown below (the word carrier being understood throughout this contract as meaning any person or corporation in possession of the property under the contract), in consideration of the transportation charges to be paid, agrees to carry to its usual place of delivery at said destination ... to deliver to another carrier on the route to said destination ... subject to the terms and conditions ... printed or written on the face and back ... by the consignee, shipper and the truck broker, if any.

Consignee: KB & RS TRADING CORP
PO BOX 7480
SHREWSBURY NJ 07702

Order Number: 149072
Order Date: Friday, Decem

Ship Date: Sunday, December 09, 2007

Destination: KB & RS TRADING CORP
39 NEWMAN SPRINGS RD SUITE B
SHREWSBURY NJ 07702

Ship From: Ruskin
Terms:
FOB:

Carrier: AMATTESE
Truck Broker:

Driver: SERGIO
License:
State:
Exp. Date:

Tractor License:
State:
Trailer License: 88C93Z
State: FL

Porting Instructions:

Page 1 of 1

Roma 25LBS Sunripe Bella Roma

BROKER: PATTERSON

Handling / Environmental

Charge

RECEIVED UNDER PROTEST

ACCORDING TO RULES AND REGULATIONS

DATE

IF THIS SHIPMENT IS FREIGHT COLLECT

ALL CLAIMS OR ALLOWANCES MUST BE SUBSTANTIATED BY FEDERAL/STATE INSPECTION CERTIFICATE OR THIRD PARTY ... BY SIZE AND GROWER NUMBER WITHIN TWENTY ... TEMPERATURE RECORDING DEVICE RECORD ...

Inspection:
Recorder No: 9656587
Chart No:
Temperature Instructions: 52 - 52 degrees

Loading Instructions:
PHONE # DRIVER (305) 469-8135
CONTINUOUS RUN

Delivery Instructions:

Billing Instructions:
Carrier arranged for by: Consignee
Charges paid by: Consignee

Consignee's Receipt: I have received above perishable property ...

Shipper Signature
Signed
Date

Driver's Receipt: I have received above described property ...

Shipper Signature
Signed

**PACA Trust Chart as of May 1, 2008**
**For Creditor:**
**K.B. R. Trading Corp.**

**Name of Debtor/Defendant:**
**Juniper Tree Inc.**
**and**
**Suh Young**

**PACA Case**
**SDNY May 2008**

| Invoice No. | Invoice Date | Date Notice Given | Payment Due Date | Invoice Amount Due | Number of Days Overdue | Accrued Interest through 5/1/08* | PACA Trust Amount |
|---|---|---|---|---|---|---|---|
| SG-7126 | 12/11/07 | 12/11/07 | 12/18/07 | $4,120.00 | 135 | $228.58 | $4,348.58 |
| SG-7129 | 12/10/07 | 12/10/07 | 12/17/07 | $5,712.00 | 136 | $319.25 | $6,031.25 |
| SG-7155 | 12/17/07 | 12/17/07 | 12/24/07 | $4,760.00 | 129 | $252.35 | $5,012.35 |
| | | | | ======== | | ========= | ========== |
| | | | Totals: | $14,592.00 | | $800.17 | $15,392.17 |

* Add daily interest in the amount of $6.326 from May 1, 2008
* Add attorney's fees incurred

**EXHIBIT F**